# SUPREME COURT OF TEXAS.

## TYLER SESSION, 1875.

---

### DREW WYCHE ET AL. V. EMORY CLAPP.

1. IRREGULARITIES.—The failure to name the plaintiffs in a judgment, or a slight discrepancy between the verdict and judgment rendered, cannot be taken advantage of when such judgment is offered as a muniment of title to support a sheriff's deed made under it.

2. WILLS—JOINT OR MUTUAL WILLS.—Such wills can be made by husband and wife, but the probate of the will by the widow surviving does not bind her or her community interest in the property for the payment of the legacies in the will.

3. SAME—LEGACIES.—A deed for community property to satisfy such legacies by the widow must, as to the extent of her interest, be considered voluntary and without consideration.

4. PARTITION.—The mere failure of the court to provide for partition among defendants of property adjudged them, where such partition is not asked, is not grounds for reversal.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

Robert D. Wyche and his wife, Mary D. Wyche, March 28, 1863, made a joint or mutual will, in which, after several bequests, was the following clause:

"Fourthly. William Wyche, Drew Wyche, Mary Wyche, Susan E. Wyche, Irene E. Wyche, and Dora Wyche, not having received by deed of gift as much by five hundred dollars as their brothers and sisters, we will that the surviving party to this will pay to them, William, Drew, Mary, Susan E., Irene E., and Dora Wyche, five hundred dollars and one bed and furniture; and if not paid by the surviving party at the death of both parties to the will, the exec-

( 543 )

utors shall pay them, the said William Wyche, Drew Wyche, Mary Wyche, Susan E. Wyche, Irene E. Wyche, and Dora Wyche, five hundred dollars each and one bed and furniture, out of the sales of the land on which we, Robert D. Wyche and Mary D. Wyche, reside, and other property, and divide the remainder of the estate equally between all the heirs." * * *

Executors were named, and it was provided that no security be required of them, and that the estate be administered without control of the courts.

Robert D. Wyche died; the will was probated; Mary D. Wyche qualified as executrix, and returned an inventory and appraisement in October, 1863, the inventory not showing whether the property was separate or community.

July 13, 1866, Emory Clapp, William H. Garner, and William H. Saunders, a partnership under the firm name of "Clapp & Co.," brought suit on an account against Mary D. Wyche.

Pending the suit, March 1, 1867, Mary D. Wyche conveyed to Drew Wyche, Mary Wyche Hutchins, the heir of William Wyche, Emily, Irene, and Dora Wyche, all her interest in the home tract of land of about 700 acres, reserving a homestead of 200 acres, and all the interest and title she had to any and all property owned by her and her deceased husband at his death, the consideration named in the deed being $2,500, with covenants of warranty, &c. The real consideration, as testified by Mrs. Mary D. Wyche, was to satisfy the bequests in the will of her deceased husband, Robert D. Wyche; but she insisted that the deed had been made in good faith, and not for the purpose of defrauding her creditors.

The suit was prosecuted to judgment on 31st October, 1868, for nine hundred and six dollars and forty-one cents—the judgment containing no other name or description of the plaintiffs than "Clapp & Co." The verdict was for $906.25; the judgment was for $906.45.

An execution issued on that judgment, which was levied on a tract of about 700 acres of land, that on which Robert D. Wyche had resided, and on which his widow still resided.   The land was sold under the execution, and Emory Clapp became the purchaser, receiving a deed from the sheriff.

November 29, 1870, Emory Clapp brought suit against Mary D. Wyche for partition.   She disclaimed, except as to her homestead of two hundred acres, and judgment was rendered September 6, 1871, in his favor for the land, less the homestead of two hundred acres adjudged to defendant.

July 26, 1872, Emory Clapp filed his petition against the grantees in the  deed from Mary D. Wyche, charging that the deed was without consideration and fraudulently made, praying for recovery of the land, that the deed be canceled, and for general relief.

By supplemental petition Clapp made all the heirs of Robert D. Wyche parties defendants and prayed that after excluding the homestead the remainder of the seven hundred acres tract be partitioned into two equal parts, and that one of said parts be adjudged to him.

The defendants pleaded the title from Mary D. Wyche, insisting that the grantees, by virtue of the joint will of Robert D. Wyche, deceased, and the grantor in the deed, took the estate as against the execution sale under the judgment against the grantor.

The entire proceedings in the two suits were read in evidence, and  form part of the statement of facts, the judgment in the case of Clapp & Co. being objected to.

Judgment was rendered 3d May, 1875, in favor of Clapp for an undivided half of the tract of land, and commissioners were appointed to make partition between Clapp and the defendants.

Motion for new trial was overruled and the defendants, Drew Wyche *et al.*, appealed.

*Drury Field*, for appellants, cited Thornton *v.* Tandy, 39 Tex., 544; King *v.* Russell, 40 Tex., 125.

*Martin Casey*, for appellee, cited Conn *v.* Davis, 33 Tex., 203; Raymond *v.* Cook, 31 Tex., 385; 1 Story Eq., § 351; Garner *v.* Cutler, 28 Tex., 176.

MOORE, ASSOCIATE JUSTICE.—The objections to the admissibility of the pleadings and judgment whereon the execution was issued, under which the plaintiff in the court below claimed the land in controversy, were properly overruled.  If any question could be made to the manner in which the plaintiffs are designated and described in the judgment, or to the slight discrepancy of sixteen cents between the verdict and the judgment, it could only be by a direct proceeding to this end and not in a collateral proceeding.  It clearly appears from the evidence to which the exceptions were taken that there was a judgment to support the execution under which the land was sold. This being the case, it was certainly admissible as tending to establish the title of the purchaser under the execution, while the judgment stood in force, though it appeared on its face to be erroneous and voidable.

Nor did the court err in refusing to sustain the exception to the judgment in favor of plaintiff below against Mary D. Wyche.  This judgment was properly admitted to show what portion of the entire tract described in the sheriff's deed had been set apart to Mrs. Wyche as her homestead.  It also served, in connection with the sheriff's deed, as a muniment or link in the plaintiff's title.

All the other grounds relied upon by appellants for the reversal of the judgment resolve themselves into the general proposition that appellee failed to show the superior and better right to the land recovered by him; and on the facts submitted the court should have rendered judgment in favor of appellants.

This proposition leads us to the inquiry, which of the parties, on the facts disclosed in the record, has the superior title to the one-half of the tract of land adjudged to appellee.

The legitimate conclusion from the evidence is, that the entire tract of land, together with the two hundred acres set apart as her homestead, was, previous to his death, community property of Mrs. Mary D. Wyche and her husband, Robert D. Wyche. On the 26th of March, 1863, these parties joined in the execution of an instrument purporting by its terms to be their joint will, in which there is a purported devise of five hundred dollars each to five of the appellants named in said instrument. On the 28th of September, 1863, on proof of its execution as required by the statute in relation to wills by one of the subscribing witnesses, said instrument was admitted to probate as the last will and testament of Robert D. Wyche, then deceased, and on the 13th of October following, his surviving wife, said Mary D. Wyche, qualified as executrix under it. And shortly thereafter she returned an inventory, including the land now in question, as well as a considerable amount of other property as property of his estate; but whether as separate or community property is not mentioned.

By the terms of the will no further action was to be taken in administration of the estate in the court. And the disposition made of the property included in the inventory, with the exception of the land about which this controversy has arisen, is not disclosed by the record. Nor is it shown whether she treated and recognized all of the property so inventoried as being in her possession and subjected to her control, as the separate property of the estate of her husband by virtue of the probate of his will, or held and claimed it as community of herself and said estate. But as title against the true owner by estoppel will not ordinarily be presumed, unless to prevent fraud and injustice, we cannot presume her unquestionable interest in the property, over which her husband acknowledges in

his will she had full testamentary power, can have been divested out of her by the inventory referred to and mere subsequent possession of property.

In this immediate connection it may be proper to give some further consideration to this instrument, purporting, as we have said, to be the joint and mutual will of the husband and wife, but probated as the will of the husband, and its effect and operation, if any, upon the estate of the wife, at least during her life. Whether there can, in contemplation of law, be such a thing as a joint will of two or more parties, or whether an instrument thus drawn may be admitted to probate and can have effect as the will of either of them, it is probably unnecessary for us to decide.

That such instruments cannot operate as joint wills, or have effect as such simply by virtue of their testamentary character and import, seems to be generally conceded. (Wills on Ex'rs., 9, 71; 1 Jarmon on Wills, 13; Toll. on Ex'rs., 9; 1 Redf. on Wills, 182–3; Hobson *v.* Blackburn, 2 Eng. Eccl. Rep., 115.) And it has also been held in some courts of high authority that they cannot be properly probated as the will of either of the parties. (Clayton *v.* Livermore, 2 Dev. & Bat., 558; Walker *v.* Walker, 14 Ohio N. S., 157.) The weight of authority, however, seems, we think, to hold that they may be admitted to probate on the decease of either of the parties, as his will, if otherwise unobjectionable. (Day, *ex parte,* 1 Bradf. Surrogate Rep., 476; Re. Stracey, 1 Deane & Swab., 6; 1 Jur. N. S., 1177; Rogers' Appeal, 2 Fairf., 303.) But from the very nature of such an instrument it cannot operate or have effect as the joint or mutual will of the parties while one of them survives; for during such time, if it is a will it is subject to revocation. It is, indeed, well established that agreements to make mutual wills are valid. But the effect of such agreements is not to render wills made in pursuance of them irrevocable, though they may be enforced in equity against the estate of the defaulting party

after his decease on the ground of an attaching equitable trust. (Walpole *v.* Oxford, 3 Ves., 402; Hinckley *v.* Simmons, 4 Ves., 160; Izzard *v.* Middleton, 1 DeSauss, 116; Dufour *v.* Perraro, Dick. Rep., 419.) But when one of the parties to such an agreement is a married woman, it could have no binding force against her estate, it would seem, unless it was consummated in the manner prescribed by law for the execution of contracts by *femes covert,* or she had in some way bound or estopped herself from denying it after she became free from coverture. Be this, however, as it may, it has been held in no case which has come under our observation, and could not in sound principle be so held, as we think, that the mere execution of an instrument in the form of a joint will can be given by construction the effect of a contract or agreement to make mutual wills which will authorize a court of equity to fasten a trust upon the estate of the defaulting party, much less to warrant its dealing with the survivor as a debtor previous to his death for his half of a legacy so bequeathed.

We are led from these general principles to the conclusion, that the instrument probated as the will of Robert D. Wyche was properly probated as such—though if it had not been, still as it has been so declared by the judgment of a court of competent jurisdiction, it must be so treated in a collateral proceeding such as the present—but that the probate of this instrument as the will of said Robert D. Wyche did not bind Mrs. Wyche or her community interest in the property for the payment of the legacies bequeathed in the will, consequently the legatees had no personal demand against her on account of them, unless she had in some way wasted or improperly appropriated the assets of the estate of their testator. No evidence of this sort appearing in the record, we must hold that the deed to the legatees named in the will to the extent of her community interest in the land, not including the homestead, was a mere voluntary advancement, and without a

valuable consideration for its support. And this being the character and legal effect of the deed upon which appellants rely, it evidently requires no comment on the other facts disclosed in the record to show that we cannot say the court erred in its judgment in favor of appellee.

The court does not undertake to determine or pass upon the rights or respective interests of appellants, touching the half of the land set apart from that adjudged to appellee. No desire for partition among themselves, or wish to determine any controversy as to their respective interests in the land is shown by the record. Appellee was not bound to force upon appellants a controversy about that part of the land to which he had no just claim. The failure of the court, therefore, to make partition or determine matters in dispute between them, if there are any, is certainly no good ground for the reversal of the judgment.

There being no error in the judgment, it is affirmed.

AFFIRMED.