### ELLSWORTH v. ALDRICH et al.
#### (No. 3377.)

Court of Civil Appeals of Texas. Texarkana.
May 2, 1927.

Rehearing Denied May 12, 1927.

1. Wills ⊂⊃215—In passing on application to probate will, court cannot construe will or give effect to prior contracts to make devises of property.

In passing upon an application to probate a will, court has no authority to construe will or to give effect to prior contracts to make devises of property.

2. Wills ⊂⊃417—Judgment probating will merely determines that instrument is last will of testator.

Judgment probating will merely determines that instrument is last will of testator, without reference to right of latter to devise property he undertakes to dispose of.

3. Wills ⊂⊃215—County courts have no jurisdiction to deal with contracts in pursuance of which will was made.

Where testator makes will in pursuance of contract to do so and afterwards makes another will revoking first, latter paper will be admitted to probate, since county court has no jurisdiction to deal with such contracts.

4. Courts ⊂⊃202(5)—District court in probate cases appealed has only such jurisdiction as county court might have exercised in particular proceeding.

District court has, in probate cases appealed from county court, only such jurisdiction as county court might have exercised in particular proceeding.

5. Wills ⊂⊃206—Instrument conveying property, to take effect at grantor's death, which was expressly revoked by codicil could not be admitted to probate.

Instrument conveying land and other property, conveyance to take effect at grantor's death, which was executed in pursuance of an agreement and which was expressly revoked by codicil, was not the last will of party by whom it was executed and could not be admitted to probate.

6. Wills ⊂⊃431—Rejection of instrument as last will does not affect its value as contract, and rights it confers are not disturbed by probating conflicting will.

Rejection of instrument as last will when offered for probate does not affect its value as contract, and the rights it confers are not disturbed by probating conflicting will.

7. Wills ⊂⊃78, 79—Generally, instrument which may be classed as will is revocable during testator's lifetime.

As general rule any instrument which may be classed as will and which must be probated in order to become an authentic muniment of title to property is revocable during lifetime of testator, since one of distinguishing features of a will is that it is ambulatory.

8. Wills ⊂⊃481—Will as such speaks from death of testator.

A will as such speaks from death of testator, and rights which it is designed to convey do not arise or vest until testator dies.

9. Wills ⊂⊃195—Instrument executed in form of will may confer rights which may be enforced against heirs of deceased, notwithstanding its revocation, in court of equity as contract.

An instrument executed in form of a will may convey rights which may be enforced against heirs or legatees of deceased, notwithstanding its revocation, in a court of equity as a contract.

Appeal from District Court, Houston County; B. F. Dent, Judge.

Proceedings by A. A. Aldrich and others for the probate of the will and codicils of Mrs. M. C. Douglas, deceased. Mrs. Cornelia Ellsworth filed application to probate anoth-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er instrument as Mrs. Douglas' will, and the county court rendered judgment admitting to probate the will and codicils presented by Aldrich, and refused to probate instrument presented by Mrs. Ellsworth. On appeal the district court rendered the same judgment, and Mrs. Ellsworth appeals. Affirmed.

Nunn & Nunn and Madden & Denny, all of Crockett, for appellant.

Earle Adams, Jr., of Houston, and Aldrich & Crook, of Crockett, for appellees.

HODGES, J. This appeal is from a judgment of the district court probating the will and two codicils executed by Mrs. M. C. Douglas, who died in Houston county, Tex., on May 13, 1925. On June 21, 1920, Mrs. Douglas, who was a feme sole, executed and delivered to Cornelia Ellsworth, the appellant, the following instrument:

"The State of Texas, County of Houston:
"Know all men by these presents that I, Mary C. Douglas, of the county of Houston and state of Texas, for and in consideration of and in pursuance of an agreement heretofore made by and between my kinswoman, Cornelia Ellsworth, lately of the city of New York, but now of the county of Houston and state of Texas, and myself, have given, granted and conveyed and by these presents do give, grant and convey unto the said Cornelia Ellsworth, the following described tract or parcel of land, to wit:
"Situated in the county of Houston and state of Texas, about one mile west of the city of Crockett, being a part of the Frank Johnson league, containing one hundred acres of land, more or less, and being the same on which I now reside and known as Park Hill, and to include all of the lands, tenements and appurtenances belonging to said place, known as Park Hill.
"This conveyance, however, is not to take effect as a conveyance during my lifetime, but only at my death, and it is expressly understood by me that it is testamentary in character and that during my natural life I am to remain in the full use and enjoyment of said property, with full power of control over the same in every respect, and should I survive the said Cornelia Ellsworth, then this conveyance is to become null and void.
"I do further give, demise and convey unto the said Cornelia Ellsworth, all of my household goods and furniture, situated in my home, that may not be otherwise disposed of by me during my lifetime.
"To have and to hold the above described property and premises unto the said Cornelia Ellsworth, her heirs and assigns, forever, upon the terms and conditions above set forth.
"Witness my hand this the 21st day of June, A. D. 1920.    [Signed]  Mary C. Douglas." ·

That instrument was witnessed by A. A. Aldrich and Willie Aldrich in the manner required for the proper attestation of wills. It was also acknowledged before a notary public by Mrs. Douglas, and later recorded in the deed records of Houston county. According to the findings of the trial court it was executed in pursuance of an agreement between Mrs. Douglas and Mrs. Ellsworth stipulating that Mrs. Ellsworth was to live with Mrs. Douglas during the latter's lifetime as a companion. Mrs. Ellsworth did live with Mrs. Douglas three or four months, when she was forced by Mrs. Douglas to leave. On June 2, 1923, Mrs. Douglas executed a will, which, after making several specific bequests of money to different parties, contained the following:

"I give and bequeath to the cause of Home Missions of the Presbyterian Church in the United States, generally known as the Southern Presbyterian Church, the residue of my estate not otherwise disposed of in this will, to be expended at such times and in such sums as the Session of the First Presbyterian Church of Crockett may direct."

A. A. Aldrich was appointed as executor of the will. On April 4, 1924, Mrs. Douglas executed a codicil, the material portions of which are as follows:

"Now I do by this instrument in writing, which I declare to be a codicil to my said will and to be taken as a part thereof, give and bequeath to William McLean, son of my cousin Elizabeth McLean, now deceased, my homestead, situated about one mile west of Crockett, on which I now reside, and generally known as Park Hill, together with all and singular the appurtenances thereto belonging, to be held by him in fee simple. In order to make this codicil effective I hereby renounce and revoke a certain testamentary deed heretofore executed by me to Mrs. Cornelia Ellsworth and now of record in the deed records of Houston county. I hereby declare that I executed the said testamentary deed to said Cornelia Ellsworth under a misapprehension of the facts, and now declare that same is without a valuable consideration. I further declare that I am not indebted to said Cornelia Ellsworth in any sum whatever, and that she came to Crockett from New York of her own volition after having requested me to send her the money with which to defray her traveling expenses to Crockett, which I declined to do."

On February 25, 1925, she executed a second codicil, which revoked several bequests made in the first will and added other, but that codicil contains no reference to the grant originally made to Mrs. Ellsworth and later bequeathed to William McLean.

On July 17, 1925, Aldrich, the executor, filed an application in the county court of Houston county to probate the will of Mrs. Douglas and the two codicils. On the 21st of the same month Mrs. Ellsworth filed, in the same court, an application to probate as a will the instrument executed by Mrs. Douglas on June 21, 1920. Mrs. Ellsworth also filed written objections to the probate of the will and the second codicil presented in the application of Aldrich. She alleged, in substance, that the testamentary deed, or will, offered by her for probate was based upon a valuable consideration—a con-

tract for personal services rendered and to be rendered by her to Mrs. Douglas—and for that reason the conveyance to her could not be revoked by Mrs. Douglas by the making of a subsequent will or codicil. McLean, to whom the codicil bequeathed the property previously conveyed to Mrs. Ellsworth, objected to the probate of the testamentary deed or will offered by Mrs. Ellsworth, alleging that it was without a valuable consideration and had been expressly revoked by the execution of the codicil in his favor. He also denied in detail the facts pleaded by Mrs. Ellsworth tending to show the existence of a contract and a performance of the services relied on to constitute a valuable consideration for the execution of the testamentary deed.

After the probate proceedings were commenced, and before the appeal from the county court reached the district court, Mrs. Ellsworth filed another suit in the district court of Houston county against Aldrich, as executor, and McLean. That suit was based upon the testamentary deed executed by Mrs. Douglas on June 21, 1920, and tendered for probate as will in this proceeding. The first count in her petition was an action of trespass to try title, treating that instrument as a deed; the second asked for specific performance of a contract, and the third sought damages for the failure to perform the contract. In each of the counts the facts were fully set out, and the court was asked to construe the document and determine whether or not it was a will or deed or a contract.

In the county court a judgment was rendered admitting to probate the will and codicils presented by Aldrich as the last will and testament of Mrs. Douglas and refusing to probate the testamentary deed presented by Mrs. Ellsworth. An appeal was prosecuted by the latter to the district court. After the case reached that court Mrs. Ellsworth filed a motion to consolidate the probate proceedings with the other suit. The motion was overruled, and upon a trial of the case the same judgment was rendered in the district court as had been rendered in the county court.

This case was then tried before the court, who, at the request of the appellant, Mrs. Ellsworth, filed findings of fact and conclusions of law. The facts found are substantially those which have been stated; and he thus states his legal conclusions: (1) That the instrument offered for probate by Mrs. Ellsworth is a will and not a deed; (2) being a will, it was expressly revoked by the first codicil to the will of Mrs. Douglas devising the same property to William McLean; (3) the county court was without jurisdiction to hear the controversy set up in the pleadings of Mrs. Ellsworth alleging that the testamentary deed executed by Mrs. Douglas was based upon a valuable consideration and could not be revoked, and the district court appeal was also without jurisdiction to hear and determine that question; (4) the instruments offered for probate by Aldrich were supported by evidence of their proper execution in accordance with the formalities required by law, and should be admitted to probate; and (5) that the instrument offered by Mrs. Ellsworth, having been revoked by a later codicil to the will of Mrs. Douglas, should not be admitted to probate.

In this appeal Mrs. Ellsworth assails the correctness of those legal conclusions. She also complains of the refusal of the court to hear and consider testimony concerning the agreement between her and Mrs. Douglas prior to the execution of the testamentary deed showing services rendered to Mrs. Douglas under that agreement. Counsel for appellant, in their brief, are disposed to regard the instrument offered for probate by Mrs. Ellsworth as a deed conveying a present estate to begin in the future. They insist, however, that whether it was a deed or a will, it was based upon a valuable consideration and irrevocable. They also contend that the trial court had jurisdiction to determine that issue and should have considered relevant testimony showing a contract between the testatrix and the appellant and the performance of services as consideration for the will or deed.

It will be observed that in his findings the court, referring to the instrument presented by Mrs. Ellsworth, says:

"I find that said instrument was executed in pursuance of an agreement between the said Mary C. Douglas and the said Mrs. Cornelia Ellsworth, by which the said Cornelia Ellsworth was to live with the said Mary C. Douglas during her lifetime as a companion, and the said Mrs. Ellsworth did live with Mary C. Douglas under said agreement from three to four months, and until she was made to leave by the said Mrs. Douglas."

That finding contains the substance of what the appellant here claims she was not permitted to plead and prove in the trial. In any event, it is sufficient to show that the instrument offered for probate by appellant was executed in pursuance of a contract based upon a valuable consideration.

[1-4] The main question in this appeal is, Did the court err in holding that the instrument presented by the appellant had been revoked and for that reason was not subject to probate as a will? In discussing that question it will be assumed, without so deciding, that this instrument was a will, and, unless legally revoked, was subject to probate. We then have presented for probate two conflicting wills executed by the same testatrix. The latter will was a voluntary devise of property as a gift and revoked the first. The first was executed in compliance with a contract based upon a valuable consideration.

Which of these instruments should be probated as the last will of the testatrix? In a proceeding to probate a will the court is limited to these inquiries: Is the instrument properly executed? Is it the last will of the testator? If these are proved, it is the duty of the court to order the instrument probated. In passing upon an application to probate a will the court has no authority to construe the will or to give effect to prior contracts to make devises of property. A judgment probating a will merely determines that the instrument is the last will of the testator, without reference to the right of the latter to devise the property he undertakes to dispose of. Clements v. Maury, 50 Tex. Civ. App. 158, 110 S. W. 185; Masterson v. Harris, 107 Tex. 73, 174 S. W. 570; March v. Huyter, 50 Tex. 243; In re Glouchester's Estate (Sur.) 11 N. Y. S. 899; 1 Alexander on Wills, §§ 84 and 149. It is said in the syllabus of the New York case above referred to:

"Where a testator makes a will in pursuance of a contract to do so, and afterwards makes another will revoking the first, the later paper will be admitted to probate, since the surrogate's court has no jurisdiction to deal with contracts. The remedy of the beneficiaries under the first will is by suit in equity."

That is equally true, we think, of our county courts in proceedings of this character. The district court has, in cases appealed, only such jurisdiction as the county court might have exercised in the particular proceeding. Stewart v. Moore (Tex. Com. App.) 291 S. W. 886; Brown v. Fleming (Tex. Com. App.) 212 S. W. 483; Vance v. Upson, 64 Tex. 266.

[5, 6] An instrument which has been expressly revoked is not the last will of the party by whom it was executed, and for that reason should not be admitted to probate. Perdue v. Perdue (Tex. Civ. App.) 208 S. W. 353. The revoked instrument may confer valuable rights and may be binding as a contract, or a conveyance, but it is not a will. Its rejection when offered for probate does not affect its value as a contract, nor are the rights it confers disturbed by probating a conflicting will.

[7-9] As a general rule any instrument which may be classed as a will, and which must be probated in order to become an authentic muniment of title to property, is revocable during the lifetime of the testator. One of the distinguishing features of a will is that it is ambulatory, subject to change. Wyche v. Clapp, 43 Tex. 543; 28 R. C. L. 60;

295 S.W.—14

1 Alexander on Wills, § 49; 1 Underhill on Wills, § 286. A will, as such, speaks from the death of the testator. The rights which it is designed to convey do not arise or vest until the testator dies. That, however, does not mean that an instrument executed in the form of a will does not convey rights which may be enforced against the heirs or legatees of the deceased, notwithstanding its revocation. But such an instrument is enforceable in a court of equity as a contract. It has no place in probate proceedings as a will. Wyche v. Clapp, supra; Wright v. Wright, 215 Ky. 394, 285 S. W. 188; Bird v. Pope, 73 Mich. 483, 41 N. W. 514; Anderson v. Eggers, 61 N. J. Eq. 85, 47 A. 727; Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am. Rep. 107; 1 Underhill on Wills, § 289.

There is a seeming exception to that rule adopted in cases involving rights claimed under mutual wills. Examples are found in Larrabee v. Porter (Tex. Civ. App.) 166 S. W. 395, Sherman v. Goodson (Tex. Civ. App.) 219 S. W. 839, and Heller v. Heller (Tex. Civ. App.) 233 S. W. 870. In two of those cases the probate proceedings were, in the district court on appeal, consolidated, by agreement, with suits in equity. In the last case no probate proceedings were involved. In each of those cases it was held that after the decease of one of the parties to a joint and mutual will the survivor, having elected to take the benefits of the original testament, could not by a revocation destroy rights which the instrument was designed to create. The ruling was based upon the principle of estoppel and was to prevent the perpetration of a fraud.

The facts in this case show that the deed, or will, executed by Mrs. Douglas in favor of the appellant, was made after the services relied on as constituting the consideration had been rendered. If that be true, then appellant did nothing in reliance upon the fact that such an instrument had been executed. She is placed in no worse position by its revocation than she occupied before it was made. It cannot, therefore, be said that she is made the victim of a fraud by a refusal to probate that instrument as a will. If it contained any of the elements of a contract conferring vested rights during the lifetime of the testatrix, there was no occasion for its probation, since such rights may be enforced through a proper proceeding in a court of equity. Probating it would add nothing to its authenticity or value as evidence of the rights claimed under its terms. The judgment will therefore be affirmed.