ELVINA RATTO, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 34772. Promulgated July 7, 1953.

*J. Donald Pettus, Esq.*, for the petitioner.
*Dan S. Morrison, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The sole issue is whether the assessment and collection of the deficiency determined by respondent for the calendar year 1946 is barred by section 275 of the Internal Revenue Code.[2]

The notice of deficiency having been mailed more than 3 years but less than 5 years after the return was filed, the respondent has the burden of proof that the 5-year limitation applies. *C. A. Reis,* 1 T. C. 9. The applicability of section 275 (c) is dependent upon two things: (1) the amount of "gross income stated in the return," and (2) the amount of gross income the taxpayer omits from the return. If the latter exceeds 25 per centum of the former the 5-year limitation is applicable.

Petitioner concedes that income in the amount of $3,602.89, representing one-half the rents, dividends, capital gains, and partnership profits which she and her husband received during the year 1946 was omitted from her return. As this is more than 25 per cent of $5,014.60, the amount which appears on the return, Form 1040, filed by her, it is apparent that the 5-year period of limitation provided by section 275 (c) is applicable unless, as contended by petitioner, because her return indicates that the $5,014.60 reported was "½ community income" it must be regarded as stating one-half of the amount of gross income stated in the return filed by her husband, amounting in this, case to one-half of $30,462.96,[3] or $15,231.48.

Petitioner cites no authority for her position but argues that in community property States, prior to the Revenue Act of 1948, it was the practice of a husband and wife to file "split-returns" for the purpose of obtaining a reduction in the tax rate resulting from the division of the taxable income, but that to all intents and purposes such "split-returns" constituted but one return for the community, and that this was recognized by both public accountants and internal revenue agents who, in the preparation of income tax returns in such states, attached

---

[2] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\*     \*     \*     \*     \*     \*     \*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

[3] This figure represents the gross profit received by petitioner and her husband from the retail liquor business conducted by them as reported at line 10 of Schedule C of the husband's return and constituted the gross income from such business. *Lela Sullinger,* 11 T. C. 1076; *Joe W. Scales,* 18 T. C. 1263; *Ray Edenfield,* 19 T. C. 13; Regs. 111, sec. 29.22 (a)–5.

schedules of income and expenses to the husband's return and carried the "net" (net taxable income) figure to the wife's return.

There is no evidence in the record relating to such practice and if there was, such practice would not constitute a compliance with the requirements of the Internal Revenue Code. Under the law of California petitioner had a present, existing, and equal interest in the community property. Civil Code of California, sections 161a, 164. Under section 51 (a) of the Internal Revenue Code, she had the right to report her one-half of the community income in a separate income tax return. *United States* v. *Malcolm*, 282 U. S. 792; *O'Bryan* v. *Commissioner*, 148 F. 2d 456. Section 51 (a) of the Internal Revenue Code, applicable to the year involved, provided that "every individual having for the taxable year a gross income of $500 or more shall make a return," setting forth the items of gross income, deductions, and credits in such detail as the Commissioner by regulations should prescribe. Section 51 (b) provided that "A husband and wife may make a single return jointly." Form 1040 represents in general the details prescribed by the Commissioner, both for the separate return of an individual and for a "single return jointly" of a husband and wife. To constitute a "single return jointly" of a husband and wife, it is necessary that the return so indicate at the places provided thereon and that both husband and wife sign the same Form 1040. There is no form or regulation of which we are aware, providing for a "split-return" such as petitioner describes whereby the gross income of one spouse is to be considered as stated in the return of such spouse by reference to the gross income stated in the return filed by the other spouse. The execution and filing of a separate Form 1040 by each of them does not meet the requirements of the statute and regulations for a "single return jointly" of a husband and wife.

Petitioner's contention is also contrary to the decisions of this and other courts. In *O'Bryan* v. *Commissioner, supra,* page 459, it was stated that "The government is not required to search carefully throughout a tax return to ascertain some fact which will put it on notice of error." It would be even more unreasonable to require the Government to search carefully throughout a tax return of another individual to ascertain the gross income of a particular taxpayer. This Court and the circuit courts of appeals have specifically held that for the purposes of applying section 275 (c) of the Internal Revenue Code, consideration may only be given to the return of the particular taxpayer and that the return of another taxpayer may not be considered. *Anna Eliza Masterson,* 1 T. C. 315, 324, reversed on other grounds, 141 F. 2d 391; *Corrigan* v. *Commissioner,* 155 F. 2d 164, affirming the decision of this Court in *Laura Mae Corrigan* (Memorandum Opinion, Sept. 29, 1944). Cf. *Leslie H. Green,* 7 T. C. 263, affd. 168 F. 2d 994; *Leslie A. Sutor,* 17 T. C. 64. The language used

in the *Masterson* case is particularly appropriate. Referring to section 275 (c) of the Internal Revenue Code, we said (p. 324):

That section is explicit in its reference to "the taxpayer." The "gross income" from which an omission brings the section into play must be the gross income of that taxpayer and "the return" referred to must be his return. If the provision were to be construed so that an omission from one taxpayer's return would be without effect upon a showing that the unreported income was contained in the return of some other taxpayer, its effect would be largely nullified. In other words, it does not comport with the purpose or language of the statute to say that the gross income shown on the return of another taxpayer is the same as "the gross income" of "the taxpayer." \* \* \*

Petitioner's argument that the decisions in the *Masterson, Corrigan,* and *Green* cases, *supra,* are not applicable because they dealt with separate taxable entities, such as an individual and an estate or an individual and a trust, whereas the present case involves a marital community, is without merit. Though their respective community interests are derived from the same sources, such interests are separate and distinct and petitioner and her husband are separate taxable individuals. *United States* v. *Malcolm, supra; O'Bryan* v. *Commissioner, supra.*

Petitioner's complaint that "it does not seem equitable to deny a taxpayer the benefit of the statute of limitations merely because of a failure to duplicate the purely mechanical computation of gross sales less cost of sales to show the gross income amount which has already been fairly reported" is also without merit. Section 275 (c) is not limited to situations involving bad faith. *Estate of C. P. Hale,* 1 T. C. 121; *Anna Eliza Masterson, supra; O'Bryan* v. *Commissioner, supra.*

The gross income stated in petitioner's income tax return is therefore limited to the $5,014.60 shown therein and does not include any amounts stated in her husband's return.

We accordingly hold that the 5-year period of limitation provided by section 275 (c) of the Internal Revenue Code is applicable and that the assessment and collection of the deficiency determined by the respondent for the calendar year 1946 is not barred.

*Decision will be entered for the respondent.*