**HELLER v. HELLER et al.   (No. 8084.)**

(Court of Civil Appeals of Texas.   Galveston.
June 29, 1921.)

1. **Wills ⚖=62—Survivor by accepting benefits under joint will bound by its disposition of the community estate.**

Survivor of joint testators by accepting benefits under the will was bound by its disposition of their community estate, and could not convey or otherwise dispose of any thereof contrary to provisions of the will.

2. **Wills ⚖=692, 693(1)—Joint will held to authorize conveyance by survivor for services to estate.**

Authority in joint will to the surviving testatrix to sell or otherwise dispose of any of the community property and invest the proceeds or make such disposition as she might deem best, while not authorizing her to dispose of it contrary to the provision that on the death of both the property should be divided equally between all their children, empowered her to convey some of it in consideration of services rendered and to be rendered by the grantee in caring for and managing the estate.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Action by Mrs. Augusta Heller, guardian, and others, against Moritz Heller. Judgment for plaintiffs, on the sustaining of demurrer to the answer, and defendant appeals. Reversed and remanded.

Edw. H. Moss, of LaGrange, for appellant.
George Willrich, of LaGrange, for appellees.

PLEASANTS, C. J.  This is a suit by appellees against appellant to cancel a deed executed by Mrs. Anna Heller, deceased, to appellant, conveying 147.25 acres of land, and to recover of appellant title and possession of five-sixths of said land.

The plaintiffs and the defendant are the children and grandchildren of Theophilus and Anna Heller, deceased. Theophilus Heller died in 1903, and his wife, Anna, in 1919. Prior to his death, Theophilus and Anna Heller executed a joint will, the provisions of which disposing of the property of the respecitve testators are identical. By this will Theophilus Heller, after directing the payment of his debts and the expenses of his last sickness and funeral, thus disposes of his property:

"III. All the then remaining property, be the same real or personal property, I hereby devise and bequeath to my wife Anna Heller née Munke, she shall have and hold the same together with all the rights and appurtenances thereto in anywise belonging during her life or until she may marry again in which case she shall make two equal parts of the then remaining property one to be styled her and the other to be styled my part, and she may make such disposition of her part as she may deem fit, but my part shall be equally divided among the children of our marriage, viz.: Theophilus Heller, John P. Heller, Moritz Heller, Margaretha Heller, Agatha Heller and Thekla Heller.

"IIII. To the executrix of this my part of this my last will and testament I appoint my wife Anna Heller née Munke and I do hereby especially ordain and decree, that she shall not be held to give any bond or other security whatever for the carrying out and due performance of the dispositions of this agreement and my last will and testament."

These provisions are followed by identical provisions by which Anna Heller disposes of her property.

The remaining provisions of the will are as follows:

"IX. After the demise of both of us, Theophilus Heller and Anna Heller wife of Theophilus Heller, and neither of us having entered into a second marriage all of the then remaining property, both real or personal property, shall be equally divided between our children, and if any of our children or child shall have been married and subsequently demised the offsprings of such child or children shall receive the share due to such child or children, but in no case shall the surviving husband or wife of such child receive any benefit of our property, but the same shall be for the benefit of the said offspring exclusively.

"X. The survivor of either of us, Th. Heller or A. Heller née Munke, shall have the right to sell or otherwise dispose of any part of our community property and invest the proceeds of such sale or disposition as he or she may think best.

"XI. After the demise of both of us the honorable county probate court having jurisdiction shall appoint an executor with the will annexed to carry into execution the provisions of this will and testament."

At the time of the execution of this will and at the time of the death of Theophilus Heller, he and Anna Heller owned as community property 2,000 acres of land, of which the land in controversy is a part, and in addition thereto community property consisting of cattle and other personal property of considerable value.

Upon the death of Theophilus in 1903, Anna Heller had his will before set out probated in the county court of Fayette county, qualified as executrix thereunder, took possession of all of the community property, and held and enjoyed the same exclusively until her death in 1919.

On the 3d day of April, 1916, she conveyed to appellant, Moritz Heller, who is a son of Anna and Theophilus, the 147.25 acres of land in controversy. This conveyance is by deed with general warranty of title which recites that it is executed by virtue of the power vested in the grantor by the last will of Theophilus Heller, deceased, "and in con-

sideration of the sum of ten dollars paid by the grantee, and the further consideration of the love and affection I have to my son, the said Moritz Heller."

Plaintiffs' petition attacks this deed on the ground that Mrs. Heller having elected to take under the will of her deceased husband was estopped from disposing of the property devised by the will otherwise than as directed by the will, and that under the provisions of the will before set out she was not authorized to convey the property to appellant for the purposes and considerations, expressed in the deed. They further allege that at the time of the execution of the deed Mrs. Heller was in a weak condition of body and mind and that execution of the deed was procured by appellant by his exercise of undue influence over the mind of his mother.

Appellant answered this petition by plea of not guilty and general denial of its allegations which were not thereafter admitted. The answer then admitted that—

"Appellees were the children and grandchildren of Theophilus and Anna Heller, deceased, as alleged by appellees in their amended original petition, and that Theophilus Heller and Anna Heller, during their lifetime, executed the joint and mutual will of date October 23, 1891, as alleged by appellees, which is marked 'Exhibit B,' to appellees' petition, and that said will was admitted to probate as to Theophilus Heller and Anna Heller as alleged by appellees; that after the death of Theophilus Heller, Anna Heller qualified as executrix of said will and took full charge and control of all of the property belonging to Theophilus Heller, Sr., and herself, and controlled and managed the same to the exclusion of the appellees in the case and all others; that the 147 acres of land conveyed to appellant by Anna Heller, now deceased, on April 3, 1916, was the joint and community property of Theophilus Heller and Anna Heller, as well as other property owned by them, and that appellant and appellees owned in common all of the property belonging to the estate of Theophilus and Anna Heller, deceased, that was yet on hand at the time of the death of Mrs. Anna Heller, the surviving wife of Theophilus Heller, deceased, of which the 147 acres of land was a part. Appellant further represents by his answer that Anna Heller, the surviving wife of Theophilus Heller, deceased, was vested with authority under the joint and mutual will of herself and deceased husband, and had the power and authority to make such deed as was made to appellant by the said Mrs. Anna Heller to the 147 acres of land, on April 3, 1916, and that this appellant was the owner in fee of said 147 acres of land; that said deed was made to appellant by said Mrs. Anna Heller for and in consideration of $10 cash and love and affection that Mrs. Heller had for her son, Moritz Heller, and, while not so recited in the deed, yet the same was also executed for and in consideration of the services to be rendered and for services appellant rendered to his mother, Mrs. Anna Heller, surviving wife of Theophilus Heller, deceased, for the past 16 years, in assisting the said Mrs. Anna Heller in managing the community estate of herself and husband, which consisted of about 2,000 acres of land, of which 500 or 600 acres were in cultivation, and assisting his mother in caring for her stock and all other property belonging to said community estate of Theophilus Heller, deceased, and Anna Heller, all of which property was of such a nature as to render it impossible for Mrs. Anna Heller, surviving wife of Theophilus Heller, deceased, to care for in her own proper person, and she was compelled to call to her aid some one to assist her in caring for said property and managing said estate, and she did call to her assistance this appellant, who continually for the past 16 years prior to the death of his mother, the said Mrs. Anna Heller, looked after the wants of his mother and the management of the community estate of his mother and father, both in renting the premises and keeping the same in repair and in caring for the stock belonging to the community estate of his mother and father, and that the mother of this appellant, the said Mrs. Anna Heller, surviving wife of Theophilus Heller, deceased, did, on the 3d day of April, A. D. 1916, execute and deliver said deed to said 147 acres of land to this appellant in consideration of the services that this appellant rendered for his mother, and the services to be rendered by this appellant for his mother, which services were made necessary during said 16 years aforesaid for the assistance of the said Mrs. Anna Heller, now deceased, in caring for herself and the property of the community estate of herself and deceased husband, and were of the reasonable value of $500 per year; that the appellant, Moritz Heller, did render services which were part of the consideration for which said deed was executed and did assist his mother in preserving and caring for the community estate of herself and husband up to the time of her death."

The trial court sustained a general demurrer interposed by plaintiffs to defendant's answer, and rendered judgment in favor of plaintiffs canceling the deed in question and for title and possession of an undivided five-sixths of the land in controversy.

Under appropriate assignments of error appellant complains of this ruling of the court, and we think the assignments should be sustained.

[1] We agree with appellee in their contention that Mrs. Heller having accepted benefits under the will of her deceased husband was bound by its disposition of the community estate of herself and the testator, and could not convey or otherwise dispose of any portion of the estate in violation of the provisions of the will. Larrabee v. Porter, 166 S. W. 395; Sherman v. Goodson, 219 S. W. 839.

[2] Section 10 of the will before set out expressly authorized Mrs. Heller to sell or otherwise dispose of any part of the community property and to invest the proceeds of sale or to make such disposition as she might deem best. While the general power of disposition of the property conferred by this section of the will considered alone is

unrestricted, the will must be construed as a whole, and this provision should not be construed as authorizing Mrs. Heller to give or devise the property or any portion of it contrary to the express provisions of section 9 of the will, which directs that upon the death of both of the testators all of the property shall be equally divided between all of their children.

To give section 10 a construction which would authorize Mrs. Heller to give the property to one of these children would defeat the manifest purpose and intention of the testator as evidenced by the will as a whole, and it should not be so construed.

This section does, however, expressly authorize a sale or disposition by the survivor of any part of the property and the investment of the proceeds as he or she may deem best, and any sale or disposition of the property made in good faith for the purpose of reinvesting the proceeds, or using same for the benefit of the estate, would be valid regardless of whether such investment or use was judicious; and we think under this provision of the will Mrs. Heller was authorized to convey the land to appellant in consideration of services rendered and to be rendered by him in caring for and managing the estate. She could have sold the land and used the money received from such sale in paying for the necessary services of a manager of the estate, and having this authority, it necessarily follows that she could convey the land in consideration for such services. Hanna v. Ladewig, 73 Tex. 37, 11 S. W. 133; Livingston v. Koenig, 20 Tex. Civ. App. 398, 50 S. W. 463; Feegles v. Slaughter, 182 S. W. 10; Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855; Bevans v. Murray, 251 Ill. 603, 96 N. E. 546.

If this was the real substantial consideration for the conveyance to appellant, as alleged in his answer, the conveyance should not be held unauthorized.

On the other hand, if the only consideration for the conveyance was, as stated in the deed, the sum of $10 and love and affection, the transaction was manifestly an attempt on the part of Mrs. Heller to give preference to one of her children in the disposition of the community estate held in trust by her under the will of her deceased husband contrary to the clearly expressed desire and intention of the testator and should not be upheld.

We think appellant's answer was sufficient to raise the issue of fact above indicated, and the general demurrer thereto should not have been sustained.

It follows that the judgment of the trial court should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.