MANUEL ANIOL ET AL. V. HENRY ANIOL ET AL.

No. 6645. Decided May 27, 1936.
Rehearing overruled July 15, 1936.
(94 S. W., 2d Series, 425.)

578

*John P. Pfeiffer* and *Geo. W. Huntress,* of San Antonio, for plaintiffs in error.

A joint will executed by husband and wife which "give, devise and bequeath all the rest and residue of *our* estate, of which we die seized or possessed unto our beloved children," naming them, evidences an agreement between the makers, and when one of the makers dies and the survivor probates said will and accepts benefits thereunder, said will becomes irrevocable and the survivor is estopped to repudiate the same. Sherman Heirs v. Goodson, 219 S. W., 839; Larrebee v. Porter, 166 S. W., 395; Kirtley v. Spencer, 222 S. W., 328.

*T. J. Newton, Sam G. Newton* and *Ray Marshall,* all of San Antonio, for defendant in error.

Instrument signed by husband and wife, although called a "joint" will, cannot operate or have effect as a joint will so long as one of them survives; for during such time, if it is a will, it is subject to revocation, unless it fasten a trust upon the estate of the defaulting party or binds the community property for the legacies mentioned in the will. Wagnon v. Wagnon, 16 S. W. (2d) 366; Verhalen v. Klien, 268 S. W., 975; Frazier v. Patterson, 243 Ill., 80, 90 N. E., 216, 27 L. R. A. (N. S.) 508.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The principal question in this case concerns the effect to be

given a will signed by Henry Aniol and wife, Agnes Aniol, and which was duly admitted to probate as the will of Agnes Aniol, deceased, January 9, 1929. Henry Aniol is still living and is one of the defendants in error here.

The material portions of will are as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, Henry Aniol and Agnes Aniol, both of Bexar County, Texas, being of sound and disposing mind and memory, do make and declare this as our last will and testament, hereby revoking any and all other wills, codicils or other testamentary instruments of whatsoever kind and character heretofore at any time made by us or either of us.

"FIRST: We direct that all of our just debts, if any, shall be paid.

"SECOND: We hereby give and bequeath unto our two daughters, Annie Aniol and Maggie Aniol, each the sum of one thousand dollars in money.

"THIRD: After the payment of our said debts, and the said special legacies aforesaid, we do give, devise and bequeath all the rest and residue of our estate (be it real, personal or mixed property) of which we may die seized or possessed of, and wheresoever the same may be situated, or from whatsoever source the same may be derived, unto our beloved children, namely, Peter Aniol, Fred Aniol, Manuel Aniol, Julian Aniol, Alexander Aniol, and Frank Aniol, share and share alike, that is to each an undivided one-sixth interest.

"FOURTH: We hereby declare that we have heretofore given to our children, namely, Julia Ciomperlik, wife of Peter Ciomperlik, Ida Stanush, wife of Felix Stanush, and Josephine Ciomperlik, wife of John Ciomperlik, each the sum of one thousand dollars, and it is our wish that they shall not receive any further sums of money or property from the estate.

"FIFTH: We hereby appoint the survivor of us as executor of the other without bond and without control of the County Court, with full power and authority to partition said estate to the children named in paragraph third of this will, and if the executor deems it necessary to sell and convey the same, or to mortgage same, and to do any and all other acts he or she may deem necessary in and about the management and conduct of our estate, for the purpose of carrying out the provisions of this will."

At the date of the death of Agnes Aniol she and Henry Aniol, owned certain community property, real and personal, and Henry Aniol owned separately considerable real estate.

After the death of Agnes Aniol and the probate of this instrument as her will, Henry Aniol was induced to execute deeds to the parties named in paragraph third of the instrument, by which he conveyed to these parties all of the real estate owned by himself separately and by himself and wife as community property at the time of her death. This suit was instituted by Henry Aniol to set aside and cancel these deeds. It was found by the trial court that he was induced to execute these instruments by fraudulent representations made to him by the grantees and by an attorney acting for them, and they were, by judgment of the trial court, set aside. The Court of Civil Appeals affirmed the judgment of the trial court. 62 S. W. (2d) 668.

■ The findings of the trial court and of the Court of Civil Appeals upon the question of fraudulent representations are binding upon this Court, but we have examined the record and find that there was ample evidence to sustain the findings of the trial court in this regard.

Plaintiffs in error, however, insist that the foregoing will is what is known as a mutual or reciprocal will, binding upon Henry Aniol and his estate, even though he be not dead, and cannot be revoked by him. They further insist that as paragraph fifth of said instrument required him to partition the estate in accordance with paragraph third, the deeds in question were made in accordance therewith and were binding, regardless of the question of fraudulent representations. In other words, they assert that as the deeds were made in accordance with the provisions of the will and to perform its mandatory terms, the alleged representations to the effect that he was required to execute them in order to carry out the will were immaterial and the deeds could not be set aside for that reason. It was held by the trial court and the Court of Civil Appeals that the bequests of $1000.00 made in paragraph second of the will should be paid out of the estate of Agnes Aniol. Plaintiffs in error contend that only one-half of these bequests should be paid out of that estate. These two contentions make it necessary to discuss to some extent the effect of the will.

■ We do not find it necessary to determine the question of whether ·or not the instrument was technically a "joint" will, or whether or not, if such, it was subject to probate as a valid will. We think that it is susceptible of a construction as being the separate will of each of the parties, and having been admitted

to probate as the will of Agnes Aniol, we must treat it as such in this proceeding. March v. Huyter, 50 Texas, 243; Wyche v. Clapp, 43 Texas, 543. We are concerned, therefore, solely with the question of what effect said instrument has upon the estate of Henry Aniol while he is still living. The case of Wyche v. Clapp, supra, is in principle directly in point. Among other things the court in that case said:

"In this immediate connection it may be proper to give some further consideration to this instrument, purporting, as we have said, to be the joint and mutual will of the husband and wife, but probated as the will of the husband, and its effect and operation, if any, upon the estate of the wife, at least during her life. Whether there can, in contemplation of law, be such a thing as a joint will of two or more parties, or whether an instrument thus drawn may be admitted to probate and can have effect as the will of either of them, it is probably unnecessary for us to decide.

"That such instruments cannot operate as joint wills, or have effect as such simply by virtue of their testamentary character and import, seems to be generally conceded. (Citing authorities) And it has also been held in some courts of high authority that they cannot be properly probated as the will of either of the parties. (Citing authorities) The weight of authority, however, seems, we think, to hold that they may be admitted to probate on the decease of either of the parties, as his will, if otherwise unobjectionable. (Citing authorities) But from the very nature of such an instrument it cannot operate or have effect as the joint or mutual will of the parties while one of them survives; for during such time, if it is a will it is subject to revocation. It is, indeed, well established that agreements to make mutual wills are valid. But the effect of such agreements is not to render wills made in pursuance of them irrevocable, though they may be enforced in equity against the estate of the defaulting party after his decease on the ground of an attaching equitable trust. (Citing authorities) But when one of the parties to such an agreement is a married woman, it could have no binding force against her estate, it would seem, unless it was consummated in the manner prescribed by law for the execution of contracts by femes covert, or she had in some way bound or estopped herself from denying it after she became free from coverture. Be this, however, as it may, it has been held in no case which has come under our observation, and could not in sound principle be so held, as we think, that the mere execution of an

instrument in the form of a joint will can be given by construction the effect of a contract or agreement to make mutual wills which will authorize a court of equity to fasten a trust upon the estate of the defaulting party, much less to warrant its dealing with the survivor as a debtor previous to his death for his half of a legacy so bequeathed.

"We are led from these general principles to the conclusion, that the instrument probated as the will of Robert D. Wyche was properly probated as such—though if it had not been, still as it has been so declared by the judgment of a court of competent jurisdiction, it must be so treated in a collateral proceeding such as the present,—but that the probate of this instrument as the will of said Robert D. Wyche did not bind Mrs. Wyche or her community interest in the property for the payment of the legacies bequeathed in the will, consequently the legatees had no personal demand against her on account of them, unless she had in some way wasted or improperly appropriated the assets of the estate of their testator. No evidence of this sort appearing in the record, we must hold that the deed to the legatees named in the will to the extent of her community interest in the land, not including the homestead, was a mere voluntary advancement, and without a valuable consideration for its support."

■ This decision is direct authority for the proposition that prior to the death of Henry Aniol his estate is in no manner bound by any of the provisions of the will. There is nothing whatever in the instrument which puts upon him the burden of an election, and as he had the right to remain in possession of the property under his homestead right and as a part owner, there is no force in the contention of plaintiffs in error that he is estopped to revoke or avoid the terms of the will. The case above referred to is also authority for the proposition that the two bequests provided for in paragraph second of the will are to be paid out of the estate of Agnes Aniol. The will has been probated as her will, and the judgment of the probate court in that regard is conclusive upon a collateral attack. March v. Huyter, supra. In the will she has clearly manifested her desire that the two daughters should be paid $1,000.00 each. She was not primarily concerned with the source of the payment, whether all out of her estate or only one-half out of her estate. If she had been, she would have so declared. To hold that only one-half of these bequests was payable out of her estate is to destroy her will to that extent.

In the trial court Annie Aniol, one of the parties named in paragraph second of the will, was made a party defendant and was awarded judgment for $1000.00 to be paid out of the estate of Agnes Aniol. Maggie Aniol, the other party named in said paragraph, joined her father, Henry Aniol, as plaintiff and the judgment was without prejudice to her right to claim the requests in her behalf. Since the case has reached this Court Annie Aniol has married and she and her husband have filed petition in this Court praying that they be allowed to join in the petition for writ of error and to take the position asserted by other plaintiffs in error. Her right to do so is denied.

We have carefully considered all other questions raised by plaintiffs in error, and have concluded that they were properly decided by the Court of Civil Appeals.

The judgments of the trial court and of the Court of Civil Appeals are in all things affirmed.

Opinion adopted by the Supreme Court May 27, 1936.

Rehearing overruled July 15, 1936.