PERCY E. WINSTON ET AL v. JOHN C. GRIFFITH ET AL.

No. 7328. Decided May 17, 1939.
Rehearing overruled June 14, 1939.
(128 S. W., 2d Series, 25.)

*Boykin, Ray & Shirley,* of Fort Worth, for plaintiffs in error.

Failure to join as parties to the suit all the beneficiaries named in the will constitutes fundamental error necessitating a reversal of the judgment. Goldsmith v. Mitchell, 57 S. W. (2d) 188 Barmore v. Darragh, 227 S. W. 522.

The will was ambiguous and not clear and was susceptible of two constructions and parol evidence should have been admitted in arriving at the true intent of the parties. Cleveland v. Cleveland, 89 Texas 445, 35 S. W. 145; Ellet v. McCord, 41 S. W. (2d) 110.

It will be presumed that the general intention of the party making a will is to dispose of all his property without a specific provision to that effect. Bittner v. Bittner, 45 S. W. (2d) 148; Kostroun v. Plsek, 15 S. W. (2d) 220; Harris v. Morgan 7 S. W. (2d) 57.

*Fred S. Dudley* and *Clyde R. Davis,* both of Fort Worth, for defendants in error.

The will of Mary Lee Puryear being unambiguous and by a clear expression of terms devised her property to her husband, and having died leaving him surviving, the persons named in another clause of said will as contingent legatees in the event her husband died before she did, which contingency never occurred, such persons named as said legatees are without interest in her estate, and therefore are not necessary parties to a suit brought by an administrator for a construction of the will. Moore v. Stark, 118 Texas 565, 17 S. W. (2d) 1037; Dickson v. Dickson, 5 S. W. (2d) 744; Gilliam v. Mahon, 231 S. W. 712.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On May 5, 1935, Charles E. Puryear and wife, Mary Lee Puryear, executed their wills, the substantial portions of which are as follows:

"Know All Men by these Presents, that we, C. E. Puryear and Mary Lee Puryear, husband and wife, being of sound and disposing mind and memory do make and publish this our joint last will and testament.

"First: We direct that all our just debts shall be paid, and that the legacies hereinafter given shall, after the payments of our debts be paid out of our estates.

"Second: I, C. E. Puryear, bequeath all my property, both real and personal, to my beloved wife, Mary Lee Puryear, in the event that I should precede her to that great beyond. I direct that she shall in this event be the sole executrix without bond.

"In the event that my wife, Mary Lee Puryear, should go before I do, I direct that my half of the real and personal property go equally to my sister, Mrs. Edd Bomar of Wartrace, Tennessee, and my brother, W. H. Puryear, also of Wartrace, Tennessee. I also direct that in this event that my nephew, Allen Bomar, of Wartrace, Tennessee, be the sole executor without bond.

"Third: I Mary Lee Puryear, give and bequeath all of my real and personal property to my beloved husband, C. E. Puryear, in the event that I should pass away before he goes. I direct that he shall be the sole executor of the estate without bond.

"In the event that my husband, C. E. Puryear, should pass

away before myself, I direct that all my half of the estate shall be divided as follows:

"To my sister, Ada Winston, I give and bequeath One Dollar ($1.00) in money.

"To my nephews, Percy E. Winston, Ranson Winston, Reginald Barnes, Bill Barnes, Joe Barnes and Cottle Barnes; and my nieces, Octave Winston and Catherine Barnes, I give and bequeath the remainder of my half of the estate, each of whom shall share and share alike."

■■ Mrs. Puryear died November 14, 1935, and Mr. Puryear died the next day. The foregoing instrument was duly admitted to probate by the County Court of Tarrant County. Unfortunately none of the probate proceedings are shown in the record, and we are left largely to assumption as to just what procedure was followed in the probating of same. We must presume, however, that in admitting the instrument to probate the court followed the method which the nature of the document required to be followed. This presumption, supported by recitations in the pleadings and the judgment, leads to the conclusion that the instrument was first probated as the separate will of Mrs. Puryear, and then probated as the separate will of Charles E. Puryear. According to the allegations of both parties, the probate court appointed an administrator of the estate of Charles E. Puryear only, which clearly implies that the will of Mrs. Puryear which was admitted to probate was that portion devising her entire estate to her husband. Solely for the purpose of supporting a presumption that the probate court admitted the instrument to probate as the separate will of Mr. and Mrs. Puryear, we express the opinion that the instrument is in no sense a reciprocal will, nor is it what is ordinarily known as a joint will, but is undoubtedly the separate will of each of the parties, contained in one instrument. See In Re Cawley's Estate, 136 Penn. 628, 20 Atl. 567. But we do not need to determine authoritatively whether this was a joint will, or a reciprocal will, or merely the separate wills of each of the parties, because it was undoubtedly admitted to probate as the separate will of both Mr. and Mrs. Puryear, and having been admitted to probate as such it must be so treated here. Aniol v. Aniol, 127 Texas 576, 94 S. W. (2d) 425; Wyche v. Clapp, 43 Texas 543.

The probate court appointed John C. Griffith as administrator with will annexed of the estate of Charles E. Puryear, and said administrator proceeded with the administration of

said estate in the probate court. Whereupon all of the parties named in the latter portion of paragraph third of the will, except *Joe Barnes,* filed petition in the probate court claiming a one half interest in the estate then being administered. The theory upon which this claim was based is not at all clear. We infer, however, that it was based upon a contention that the instrument was a reciprocal will, by the terms of which the one half interest of Mrs. Puryear was bequeathed to her husband only for life, and after his death all of the remainder of her estate was to go under the will to the parties named in the latter portion of paragraph third. Why Joe Barnes did not join as plaintiff in this proceeding is not shown, although he had executed power of attorney to the same attorneys who represented the other parties as plaintiffs in said proceeding.

After the filing of the foregoing mentioned petition in the probate court, John C. Griffith as administrator of the estate of Charles E. Puryear, deceased, brought this suit in the District Court of Tarrant County for the purpose of obtaining a construction of the instrument set out above. While he designated himself as administrator of the estate of Charles E. Puryear only, yet apparently he sought a construction of the whole instrument. He made as parties defendant in the district court the parties who had filed the petition in the probate court, and did not make *Joe Barnes* a party. After calling attention in his petition to the fact that the defendants had set up some pretended claim to the estate by filing the petition in the probate court, he then alleged that he was in doubt as to whether or not the will of Charles E. Puryear passed only his one half interest in the community estate, or whether it passed such interest and also passed the interest acquired by Mr. Puryear under the will of his wife. The trial court entered judgment construing the will in the following manner:

(a) That as Mrs. Puryear died prior to the death of her husband, the first portion of paragraph third passed her entire estate to Charles E. Puryear absolutely, and that the succeeding portion, which was conditioned solely on the death of Charles E. Puryear prior to the death of Mrs. Puryear, became abrogated and had no force or effect.

(b) That under the will of Charles E. Puryear only his one half of the estate passed to the beneficiaries named by him, and the other one half which he took under Mrs. Puryear's will passed according to the laws of descent and distribution to such devisees, as his sole legal heirs. This of course had the effect of decreeing that the defendants, as conditional devisees of Mrs. Puryear, had no interest whatever in the estate. This judg-

ment was affirmed by the Court of Civil Appeals. 108 S. W. (2d) 745.

■ The application for writ of error presents but one question. The sole proposition submitted is that the district court was without jurisdiction because *Joe Barnes,* one of the conditional beneficiaries named in paragraph third of the will, was not made a party to the suit. Plaintiffs in error invoke the familiar rule that in an action to construe a will all the beneficiaries named therein are necessary parties. We are of the opinion that this rule can have no application here. In order to invoke the rule mentioned plaintiffs in error must rely upon the proposition that the instrument in question was a reciprocal will, under which they took the remaining interest of Mrs. Puryear after the death of Charles E. Puryear. As shown above, when the instrument was admitted to probate as the separate will of Mrs. Puryear,, this necessarily adjudicated the question that it was not a reciprocal will and this matter cannot now be inquired into in this proceeding. The instrument is manifestly not ambiguous. It bequeathed to Charles E. Puryear all of Mrs. Puryear's property in the event she died before he died. She died prior to his death. This provision of the instrument became her will and was necessarily that portion of the will which was admitted to probate. This had the effect of utterly destroying the remaining provisions of paragraph third. Neither Joe Barnes nor any of the plaintiffs in error were beneficiaries under that portion of Mrs. Puryear's will which was admitted to probate. They became entire strangers to such will.

Defendant in error as administrator of the estate of Charles E. Puryear perhaps had a right to make the plaintiffs in error parties to the action in the district court because of the fact that they were setting up some pretended claim to the estate of Charles E. Puryear. However, it might plausibly be argued that defendant in error was without legally sufficient grounds to maintain a suit to construe the will as against any such claim, but we are not concerned with that inquiry, for the reason that the sole question presented here, as between the parties, was that the district court was without jurisdiction because Joe Barnes was not a party. As he was not a beneficiary under the will of Mrs. Puryear which was admitted to probate, and had no interest in the estate of Charles E. Puryear by descent or otherwise, we have concluded that he was not a neccessary party.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 17, 1939.

Rehearing overruled June 14, 1939.