## COMMISSIONER OF INTERNAL REVENUE v. MASTERSON.

## MASTERSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9903.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1942.

For prior opinion, see 127 F.2d 252, affirming a decision of the Board of Tax Appeals, 42 B.T.A. 419.

L. W. Post, Sewall Key, J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for Commissioner.

Harry C. Weeks and Benj. Bird, both of Ft. Worth, Tex., and Chas. H. Keffer, of Amarillo, Tex., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

As neither of the judges who concurred in the opinion desire a rehearing the petition is hereby denied.

HOLMES, Circuit Judge (dissenting).

I agree with the taxpayer's contention as to the character of life interest that she took under the will of her husband in the portion of the community owned by him at the time of his death. She did not take a conventional life estate, but only an estate that gave her the right to support and maintenance for life. As under the covenant the entire community was to be kept intact during the life of the survivor, she could, if necessary, draw upon either income or corpus of the joint estate for her reasonable support and maintenance. The portion of the income from the joint estate that she did not need and failed to use did not accrue to her free from the provisions of the joint will and covenant, but accrued to the joint estate, which was to remain intact, subject to the provisions of that instrument. A contrary construction would defeat the dominant purpose of the parties to the joint will.

The makers of the joint will expressly stated therein their intention to require equality of treatment in the disposition of their property among the children and step-children of the survivor. The Board of Tax Appeals found, and the District Court of Potter County, Texas, held, that this was the intention of that instrument. Therefore, any construction that opens the way to inequality of treatment as between children of the half blood and those of the whole blood is in conflict with the intention of the makers of the joint will and covenant, as evidenced by the terms of that instrument.

If the taxpayer is the holder of a conventional life estate, the net income of the estate is hers absolutely; and, as this net income is greatly in excess of her reasonable needs for support and maintenance, she will build up a large estate, entirely separate and distinct from the community property that must be kept intact and that goes to all of the children upon the death of the survivor, share and share alike, under the joint will. The disposition of this estate will not be controlled by the joint will, since it will not be and will never

have been a part of their community estate. By her solemn covenant, the taxpayer is precluded from making another will, and must die intestate as to this separate estate, which will then go to her four daughters [1] to the exclusion of her two stepsons. The survivor is not only precluded from making any other will, but is bound to keep the joint estate intact and not to dispose of any of it during her life except to pay claims against it, support herself out of it, and distribute one-half of it equally to the six children.[2]

Nothing in the joint will compels a holding that the taxpayer has a conventional life estate; on the contrary, all of its terms indicate a definite intention that the survivor should have nothing more than support and maintenance from the joint estate, which was to be kept intact until her death.

In view of the strictly proper conduct of the widow in this case, there is no reason to invoke the doctrine of estoppel or elections in order to uphold the irrevocability of the joint will. She has made no effort to revoke it or make another one. No one denies its validity, and the only issues are as to the testamentary intentions of the parties with reference to when the title of the respective testators should pass to the beneficiaries under the will, and as to the effect of the law of Texas upon such intentions.

The parties made a joint will, covenanted not to revoke it, not to make any other will, and to keep the joint estate intact until the death of the survivor. This is all they did or agreed to do.

The instrument before us is a joint will and covenant, not a joint will and deed. If one agrees to make a will, there is no obligation to make a deed. A covenant to make a specific will contemplates a testamentary disposition of the property embraced therein. If one makes a will, whether in pursuance of a covenant or not, the presumption is that the will is intended to speak from the date of the testator's death. The parties might misname an instrument and call a deed a will; in such case the law would disregard the name and construe the instrument according to its real nature; but there is no contention here that the parties intended to make a conveyance of any property prior to the death of the one dying first. The contention is

---

[1] Art. 2578, Vernon's Annotated Texas Statutes.

[2] Part 2, paragraph 1, of the joint will and testament.

that the parties intended for the instrument to take effect as a joint will upon the death of the one dying first. This is not only contrary to the express provisions of the instrument, which says it shall take effect upon the death of the survivor, but is in the very teeth of the decision of the Supreme Court of Texas, which says that from the very nature of such an instrument it cannot take effect as a joint will while one of the parties survives.[3] It is also contrary to the great weight of authority.[4]

In determining the legal effect of the joint will and covenant upon the property rights of the parties involved therein, we are governed entirely by the local law; but after such rights are ascertained, there emerges in this case a federal question that depends wholly upon federal statutes dealing with estate and gift taxes. We have here an estate valued at $1,450,000 plus the net income thereon for a number of years. It was community property in Texas when the husband died. The federal estate tax was paid on his half, but the widow was alive and owed no estate tax, and can never owe any on her estate while she lives. It is true that she had made an irrevocable will, but there was one thing the covenant permitted her to do with her property in lieu of keeping it intact until she died: it permitted her to give it to the six children, share and share alike; and that is exactly what she did. Then why did she not owe a gift tax on it in fee plus the net accumulations from it?

---

[3] Wyche v. Clapp, 43 Tex. 543, 548.

