SCOFIELD v. BETHEA.

No. 12215.

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1948.

Carlton Fox and George A. Stinson, Sp. Assts. to Atty Gen., Theron L. Caudle, Asst. Atty. Gen. and Henry W. Moursund, U. S. Atty., of San Antonio, Tex., for appellant.

Muckleroy McDonnold and J. B. Lewright, both of San Antonio, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves a deficiency of $87,598.45 in estate taxes upon the estate of Catherine Henke, deceased, hereinafter called the taxpayer. The questions presented are:

1. Whether the taxpayer is estopped from maintaining this suit because of its agreement to compromise the Government's claim for additional estate taxes by permitting the inclusion in the decedent's gross estate of 30% thereof, upon which compromise the Commissioner relied in assessing the deficiency in the tax.

2. Whether the entire corpus of the trust in question was includible in the decedent's gross estate as a transfer intended to take effect in possession or enjoyment at or after her death, within the meaning of Section 302(c) of the Revenue Act of 1926, as amended, 26 U.S.C.A. § 811(c).

3. Whether such corpus was includible in her gross estate as a transfer made in contemplation of her death within the meaning of that section.

On January 27, 1928, Catherine Henke and her husband, Henry Henke, citizens and residents of Texas, made a joint will, which was both contractual and testamentary in character. Under the terms of this instrument, after the death of Henry Henke, their entire community estate was actually delivered to the Houston Land & Trust Company as executor and trustee under said will, who discharged all claims against the community estate out of community funds. At the close of the period of administration, said Trust Company opened two accounts: one entitled "Estate of Henry Henke, Deceased"; the other entitled "Mrs. Catherine Henke Trust." As trustee, the said Houston Land & Trust Company divided the residue of the community estate (thenceforth to be accounted for by it as trustee) between the two accounts, placing property valued at $1,381,-846.88 in each account; and since July 1, 1929, the said trustee has at all times treated and administered the said two accounts as separate trust estates in accordance with the provisions of said joint will. This was done by the executor and trustee during the life of Mrs. Henke, in pursuance of the joint will and covenant, and evidently with her authority or acquiescence.

After the death of Henry Henke, his widow, Catherine, had accumulated a separate estate at the time of her death; and her executrix, in making and filing her estate tax return, included therein only the value of this accumulated separate estate. A controversy arose between said executrix and the Government as to the estate taxes rightfully due upon the corpus of said Catherine Henke Trust. This controversy was compromised by the payment of estate taxes upon only 30 per cent of the value of said property. In other words, the value of said Trust was included in the gross estate in the sum of $386,765.37 instead of in the sum of $1,289,217.92; and on behalf of said executrix it was then and there agreed that she would furnish a waiver of restrictions against immediate assessment and collection of the agreed deficiency.

Thereafter the Commissioner of Internal Revenue included only 30 per cent of the value of said Trust in the gross estate of said Catherine Henke; and the compromise was effectuated in pursuance of the aforesaid agreement by appellee's payment of the tax so assessed. On May 20, 1943, after the expiration of the time in which this deficiency assessment might be changed under the law, the executrix of said Catherine Henke filed a claim for refund of the tax paid in pursuance of the compromise agreement. Refund being denied, the executrix brought this action against the appellant to recover the amount so paid plus interest thereon.

■ The first question presented on this appeal is one of estoppel. We pass this question, because the appellee paid only 30 per cent of what she should have been required to pay but for the compromise agreement, which she assails here as invalid. We, therefore, turn to the above stated second and third questions, which we think should be answered in the affirmative. Commissioner of Internal Revenue v. Masterson, 5 Cir., 127 F.2d 252, is not controlling here, not only because the facts are different, but because we must look to the law of Texas, as declared by the latest decisions of the Supreme Court of that state, to ascertain the property rights and obligations of the survivor under a joint will of husband and wife that disposes of their community property. The opinion in Masterson v. Commissioner, 5 Cir., 141 F.2d 391, expresses the views of the writer only, as no other judge concurred therein; one of the three judges who sat in the case concurred in the result, the other dissented.

■ What, then, is the law of Texas as to those testators who jointly devise to third persons their joint interests? The great weight of authority in Texas and elsewhere is that a will of this type should be probated on the death of each testator as the separate will of the decedent. The debts of the decedent and funeral expenses should be paid as soon as practicable, and the estate settled. The Supreme Court of Texas says that, from the very nature of a joint will, it cannot take effect as a joint

will while one of the parties survives. Wyche v. Clapp, 43 Tex. 543, 548, 549. In that case there was a joint will by husband and wife. The husband died first, said instrument was admitted to probate as the will of the deceased, and the widow qualified as executrix under it. The court held she was not estopped to deny that her half of their community property passed by his will. It refused to presume that her "unquestionable interest in the property" had been divested out of her by estoppel. It held that a joint will was valid and might be admitted to probate on the decease of either of the parties, but could not take effect as a joint will while one of them was living. This decision has never been overruled by the Supreme Court of Texas, but has been cited and followed in later cases.[1] In Nye v. Bradford, 144 Tex. 618, at page 626, 193 S.W.2d 165, 169 A.L.R. 1, the Supreme Court, announced the general rule to be that a joint will, on the death of one testator, may be probated as his will, and again probated on the death of the other testator as the will of the latter. This case was decided four years after the decision of this court in Commissioner of Internal Revenue v. Masterson, 5 Cir., 127 F.2d 252, Id., 5 Cir., 128 F.2d 526; and, if there is any conflict between the two cases, we are bound to follow the latest ruling of the highest court of the state.

In the instant case, we have a joint will in legal form. The intention of the parties is clear; each intended to make a testamentary disposition of his or her respective interest in their community property. Neither attempted to devise or bequeath more than half of the whole, because that was all that either owned. In case Mrs. Henke should die first, the will provided that her husband should be appointed her executor; in case he predeceased her (as actually happened), it provided that the Houston Land & Trust Company should be named as executor and trustee, to act independently of the courts. The joint will provided: "If Henry Henke should die before Mrs. Catherine Henke does and for any reason, legal or otherwise, the foregoing bequests or any of such bequests should not be paid out of our joint property, nevertheless, said bequests shall be paid in any event and shall be deducted from Henry Henke's portion of our joint property but shall be paid only the one time and it shall not be construed that such bequests are again payable out of the portion of Mrs. Catherine Henke's property after she shall have died." It further provided: "In the event of Henry Henke's death, if Mrs. Catherine Henke is living, then the joint property shall be taken charge of by the Houston Land & Trust Company and kept intact until time for distribution arrives under the provisions hereof."

Henry Henke died first, and everything that was done after his death by Mrs. Henke was in strict accordance with the contractual provisions of the joint will. It was therein provided (with an exception not pertinent here) that "during the time the Houston Land & Trust Company may act as Executor and Trustee under the provisions hereof, it shall have the power and authority to take control and possession of our joint property and to manage the same and to collect the revenue and indebtedness owing to same and may sell any part thereof for cash." The Land Company was designated to act both as executor and trustee; clearly this indicates that it was to act as executor for the decedent, and as trustee for the survivor during her life. Under Texas law, while the husband's executor may administer upon community property until community debts are paid, it is well settled that the wife's community interest should be released to her as soon as all community debts are paid.

The fact that the joint will has never been filed for probate as the last will and testament of Catherine Henke is immaterial here. We are concerned with what title, if any, she had in this trust fund at the time of her death. This trust was established under the terms of the joint will and contract. It was intended to take effect during her life if her husband died first,

---

[1] March v. Hunter, 50 Tex. 243, 253; Jordan v. Abney, Adm'r, 97 Tex. 296, 304, 78 S.W. 486; Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425; Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25; Gorman v. Gause, Tex.Com.App., 56 S. W.2d 855. See also Thompson on Wills, 2d Ed., Sec. 202.

otherwise upon her death; but in any event during her life, and at such times as she desired, the sum of $40,000 was payable to her out of the joint property; half of this amount necessarily came out of the trust estate; and if the revenue therefrom was insufficient for that purpose, then the corpus of their joint property might be resorted to for payment of said sum. It was stipulated below that at all times subsequent to the death of Mrs. Henke the corpus of said trust exceeded in value the sum of $1,000,000.

In Heller v. Heller, Tex.Civ.App., 233 S.W. 870, it was held that a survivor of joint testators, by accepting benefits under the will, was bound by its disposition of their community estate, and could not convey or otherwise dispose of any part thereof contrary to provisions of the will. In Sherman v. Goodson's Heirs, Tex.Civ.App., 219 S.W. 839, it was held that a joint will executed by two sisters became irrevocable after the surviving sister ratified it by having it probated, and accepting benefits under it; and, further, that the surviving sister was estopped from making a different disposition of the property by a subsequent will. In Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395, where a joint will was executed by husband and wife, which gave to the survivor their property for life with remainder to their daughters, it was held that the husband, who on the death of the wife probated the will and took possession of the property devised thereby, was thereafter estopped from disregarding the will. None of these three cases helps the appellee here. Mrs. Henke did nothing contrary to the provisions of the joint will. She permitted the executor of her husband's will to retain possession of her half of the community property and hold it in trust, but she was the beneficiary of the trust during her life with the right to resort to the revenue thereof, and in default thereof to the corpus, for one half of the following annual payments: $40,000, which was to be increased to $50,000 if the net revenue of the joint property justified the increase. It was not until eight years after the death of Mrs. Henke that the balance of the joint estate was to be turned over to the daughter of the testators. For many years Mrs. Henke enjoyed this revenue, one half of which came from her half of the community property.

The equitable doctrine of election does not apply where, as here, neither of the parties to a joint will attempted to dispose of any property belonging to the other.[2] Consequently the widow here did not waive, release, or lose title to, her interest in the community property by filing for probate the joint will as the separate will of Henry Henke. As stated in Nye v. Bradford, supra, [144 Tex. 618, 193 S.W.2d 169], which as has been noted was decided after the Masterson cases, supra, the Supreme Court of Texas refused to hold "that a joint will may not, on the death of one testator, be probated as his will and again probated on the death of the other testator as the will of the latter." This being true, the corpus of the Catherine Henke Trust was includible in the trustor's gross estate at her death as a transfer made in contemplation of death under Section 302(c) of the 1926 Act, as amended. It was also so includible as a transfer intended to take effect in possession or enjoyment after her death within the meaning of said Section 302(c).[3]

Reversed and remanded for further proceedings not inconsistent with this opinion.

WALLER, Circuit Judge (specially concurring).

I take no issue with either the reasoning or the result in the main opinion in this case, but I also like the solution thereof set out in the opinion in Bethea v. Sheppard, Comptroller, 143 S.W.2d 997, by the Court of Civil Appeals of Texas, which construes the will of Henry and Catherine Henke—

---

[2] Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425, 427. In this case, referring to Wyche v. Clapp, supra, the Supreme Court of Texas said: "This decision is direct authority for the proposition that prior to the death of Henry Aniol his estate is in no manner bound by any of the provisions of the will. There is nothing whatever, in the instrument which puts upon him the burden of an election, * * *."

[3] Cf. Bethea v. Sheppard, Tex.Civ.App., 143 S.W.2d 997, 1001.

the same will that is involved in the case before us—, and answers the questions in our case fully, quickly, and, I think, correctly.

The decision in that case holds: (1) that Mrs. Henke reserved the right under the will to enjoy an annual income from the estate of not less than $40,000, of which one-half was payable out of her trust estate, and only $12,500 was payable therefrom to her daughter; (2) that the trust withheld from the beneficiaries of the trust the right to the full or complete possession and enjoyment of Mrs. Henke's one-half of the community until after the death of the settlor, or not sooner than eight years after her death; (3) that the transfer or right of possession of that part of the trust estate that remained after the expiration of the eight years was contingent upon the daughter surviving the settlor; and (4) that these facts made the property so transferred subject to the inheritance taxes of Texas.

In speaking of the will of Catherine Henke, the Court of Civil Appeals said:

"We are in accord with the construction placed upon the joint will and trust instrument by the trial court and its conclusion that the net value of the corpus of the trust estate in suit was taxable upon the death of the grantor. That is, we construe the instrument as conclusively showing the intention of grantor or settlor to withhold the full or complete possession or enjoyment of the trust estate, except the annuity payable to appellant primarily out of the revenues, from appellant until after the death of grantor, or until eight years after her death. The trust instrument expressly provides that the 'remainder' of the estate 'shall not be distributed' during the lifetime of grantor, and not 'until the expiration of eight years after her death.' The transfer or right of possession or enjoyment of the remainder of the trust estate was made contingent upon appellant's surviving the grantor, which necessarily fixed appellant's rights at or after the death of grantor."

The proceeding in Bethea v. Sheppard, Comptroller, supra, is not one of those semi-collusive family law suits but is an adversary one wherein the State of Texas, through its Comptroller, sought and collected inheritance taxes in an amount in excess of $60,000. Implicit in the holdings of the District Court and the Court of Civil Appeals of Texas in that case is a negation that Catherine's interest in the community was divested out of her upon the probate of the will of Henry Henke, for how else could those courts hold that the transfer of possession and enjoyment did not occur until after the death of Catherine?

Sec. 811 (c), Title 26 U.S.C.A., provides that transfers, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after death, shall be subject to the federal estate tax, by the use of the following language:

"(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, * * *."

Moreover, the location of the legal title does not necessarily determine the estate tax consequences because a gift to a donee that does not take effect in use and enjoyment until after death is universally held by the federal courts, in applying the statutes relating to federal estate taxes, to have been one made in contemplation of death.

In Allen v. Trust Company of Georgia, 5 Cir., 149 F.2d 120, at page 124, affirmed, 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367, we said:

"It is settled that if anything essential to the full enjoyment of a gift or trust could not accrue to the donee until after the death of the donor, such a gift is testamentary in character. If it is testamentary in character, it is subject to the tax. In United States v. Wells, 283 U.S. 102, 116, 51 S.Ct. 446, 451, 75 L.Ed. 867, the Court said:

" 'The quality which brings the transfer within the statute is indicated by the context and manifest purpose. Transfers in contemplation of death are included within the same category, for the purpose of taxation, with transfers intended to take effect at or after the death of the transferor. The dominant purpose is to reach substitutes for testamentary dispositions and thus to prevent the evasion of the estate tax. Nichols v. Coolidge, 274 U.S. 531, 542, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; Milliken v. United States (ante), 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809 * * *.' "