## McFARLAND v. CAMPBELL.
### No. 14678.

United States Court of Appeals,
Fifth Circuit.

June 18, 1954.

Harry C. Weeks, Ft. Worth, Tex. (Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., of counsel), for appellant.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, John J. Kelley, Jr., Sp. Asst. Attys. Gen., Howard P. Locke, Sp. Assts. to Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

This is an action for the recovery of federal estate taxes, which are alleged to have been wrongfully exacted from appellant by the appellee. The facts were stipulated by the parties, and were found by the court to be in accordance with the stipulation. The issue as posed by the appellee is whether the decedent's estate is entitled to a charitable deduction, under Section 812(d) of the Internal Revenue Code, for the value of a life estate bequeathed to his widow; but, as posed by the appellant, the issue is more complicated and turns upon the nature and effect of a joint will in the disposition of property under the laws of Texas, and particularly as to when such instrument takes effect with reference to the respective parties thereto.

The decedent, Frank Hays McFarland, a citizen of Texas, died on May 7, 1948, survived by his wife, to whom he had been married for more than forty years, during all of which time they had resided together in Texas. On July 27, 1947, they had executed a joint will and contract which remained in effect without modification until after Mr. McFarland's death, when it was duly probated in the proper court of Tarrant County, Texas, the appellant qualifying as independent executrix of said estate. The joint will was also the separate will of each of the parties, and contained irrevocable covenants that neither of them would in any way alter, amend, or revoke, said will during their joint lives without the written consent of the other; and that, at the death of the one first to die, the survivor would accept said instrument as the last will and testament of the one first to die, and would not thereafter alter, amend, or revoke it, or attempt to do so, but would continue the same in full force as the last will and testament of the survivor of the two.

The joint will further provided that, upon the death of either of the testators, the survivor should receive a life estate in the decedent's one-half interest in the community property; and, upon the death of the survivor, all property then owned by the estate, after providing for certain bequests and expenses not important here, was to go for admittedly charitable purposes. The decedent's estate, at the time of his death, consisted entirely of his one-half community interest in lands, cattle, bonds, cash on deposit, and other miscellaneous items. He had no separate property. At that time Mrs. McFarland owned, as her separate estate, their residence and certain

personal property in addition to her one-half interest in the community estate. She probated the joint will as the separate will of her husband, accepted whatever benefits accrued to her under it, and qualified as independent executrix thereof. Appellee contends that she thereby stripped herself of all except a life interest in her separate and community property, and that the charitable remainder interest took effect and became vested under the joint will, upon the death of her husband, as to all of her property. Her agreement to do so, it is argued, was the *quid pro quo* for the life estate in one-half of her husband's community property which vested in her upon his death.

■■ It is important to note that we are dealing here with estate taxes, not with gift taxes as in Commissioner of Internal Revenue v. Masterson, 5 Cir., 127 F.2d 252, Masterson v. Commissioner, 5 Cir., 128 F.2d 526, and not with income taxes as in Masterson v. Commissioner, 4 Cir., 141 F.2d 391. It is also important to note that a will speaks only from the date of the death of the testator; no one is heir to the living. There is nothing in the joint will that runs counter to these well-known maxims. On the contrary, that instrument provides that, upon the death of the last of the two to die, all property then owned by the survivor, or from which the survivor was, at his or her death, receiving or entitled to receive the income, and all other property of every kind and character then owned by the survivor, was to go to the Fort Worth National Bank for charitable purposes.

■ The property dealt with by the joint will was all of the community property of both parties and, under certain conditions not pertinent here, all of the separate property belonging to the appellant; but neither spouse was undertaking, attempting, or professing, to dispose of the other's property; hence the necessity for the mutual covenants and agreements in the joint will and contract. Under the law of Texas, a joint will may be probated as the separate will of the testator first to die; but, from the very nature of the instrument, it cannot take effect as a joint will until the death of the testator last to die. In Wyche v. Clapp, 43 Tex. 543, there was a joint will by husband and wife. The husband died first, and the widow qualified as executrix under it; but the Texas court refused to presume that her unquestionable interest in the property had been divested out of her by estoppel. See, also, Aniol v. Aniol, 127 Tex. 576, 94 S. W.2d 425; Gorman v. Gause, Tex.Com. App., 56 S.W.2d 855; Thompson on Wills, 2nd Ed., Sec. 202.

■ In the instant case, there was no question of election confronting Mrs. McFarland when she probated the joint will as the separate will of her husband and ratified the contract made with him by her. In order that the necessity of an election shall take place, the testator must affect to dispose of property which is not his own, and also make a valid gift of his own property. Bispham's Principles of Equity, p. 501, citing among other cases Smith v. Butler, 85 Tex. 126, 19 S.W. 1083. See, also, Pomeroy's Equity, Vol. 2, Sec. 505(a), citing numerous Texas decisions. So far as the widow is concerned, if Mr. McFarland had made a separate will undertaking to dispose of their joint property, and she had elected to accept benefits under it, the doctrine of election might apply and the whole estate be regarded as his property; but he did not undertake to dispose of her property. He recognized her title to it and her testamentary capacity to dispose of it. Knowing that the instrument by its very nature could not take effect until the death of the survivor, the parties bound each other by solemn covenants to make no other will, and expressly provided, "upon the death of the last of us to die," that "all property then owned by the survivor of us" shall go to and vest in the Fort Worth bank for charitable purposes. Thus, on the face of the instrument, the property owned by the survivor does not "go to

and vest in" the trustee until the death of the survivor.

The great weight of authority in Texas and elsewhere is that a joint will should be probated on the death of each testator as the separate will of the decedent. In this case, as in Wyche v. Clapp, supra, the husband died first, and it is the husband's estate that is being settled. In Nye v. Bradford, 144 Tex. 618, 626, 193 S.W.2d 165, 169 A.L.R. 1, it was held that, on the death of one testator, a joint will may be probated as his will, and again probated on the death of the other testator as the will of the latter. Scofield v. Bethea, 170 F. 2d 934, certiorari denied 336 U.S. 944, 69 S.Ct. 811, 93 L.Ed. 1101, is buttressed by Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, wherein the court said that it was illogical to have the wife join in the instrument if the husband had in mind disposing of the wife's property in such fashion as to put her to an election between accepting what he gave her or rejecting his disposition of her property. The widow's testament is not in issue here because she is still alive and *nemo est haeres viventis.* The question here is whether the husband, by his separate will, sought to dispose of his wife's property, and we think that he did not.

The decedent left his wife a life estate in his one-half interest in their community property. She already owned the other half in fee, as well as some separate property, which was included in the joint will; but the natural inference is that she was the one who was disposing of her own property. This inference is strengthened by the instrument itself, which the parties designated not only as their joint will but as "the separate last will and testament of each of them." It is further strengthened by the provisions of the joint will that the survivor shall receive a life estate in the property of the decedent first to die; that the contingent specific bequests shall be payable upon or after the death of the survivor; and that the property given to charity shall "go to and vest in" the trustee "up- on the death of the last of us to die," after providing for the special bequests and paying all debts, charges, and expenses of administration.

There is no more reason to say that the husband was disposing of the wife's property by his separate will than there would be to say that the wife was disposing of the husband's property if the wife had died first. There is nothing in the joint will and contract to indicate such irregularity, and every applicable presumption is to the contrary: *Omnia praesumuntur legitime facta donec probetur in contrarium; Omnia praesumuntur rite et solenniter esse acta donec probetur in contrarium.* Vol. 2 Bouvier's Law Dict. Rawle's Third Revision, Maxim, p. 2152. Pomeroy's Equity, 5th Ed., Vol. 2, Sec. 505, pp. 422–424.

As we understand the facts, no portion of the widow's separate property or her one-half interest in the community property has been included in the decedent's gross estate. The decedent left his widow a life estate in his one-half interest in the community property. The Commissioner determined the charitable deduction by ascertaining the present value of the property passing to charity from the husband's estate upon the death of the husband. Appellant's calculation is based upon the theory that, by virtue of the joint will and contract, and her election to accept thereunder, she was divested, in favor of the charity, of the remainder interest in her share of the community property, alleged to be worth more than the life-estate in her husband's share of the community property which she received under her husband's will. Appellant would offset what she claims to have been required to give up against what she received upon the death of her husband under the joint will and contract. This argument is deemed by us to be unsound. The doctrine of election has its basis in the equitable doctrine of estoppel by conduct, which has its foundation in the necessity of compelling the observance

of good faith. The appellee is not pleading it, and the appellant is not entitled to plead it. Bisph.Eq., Sec. 282.

■■■ As we have seen, under Texas law, a joint will though valid does not take effect as such while one of the parties is alive. Therefore, the survivor of a joint will is not divested of any portion of his or her estate merely because the joint will becomes irrevocable, even by consent, after the death of the testator first to die. Even an irrevocable will does not become effective as a will until the death of the testator or testatrix. Notwithstanding any contractual obligations, being still alive, the appellant has not been divested of any of her property by the joint will, by her separate will, or by estoppel with reference to anything in her husband's separate will. The contract contained in the joint will has been sealed by death and fully executed on the part of the decedent; but, as to the widow, it is merely an executory contract in its most essential provisions, and will remain so until her life's end. She has made her will and has agreed not to alter or revoke it, but she has not thereby been divested of the title or deprived of the possession of any of her property. She has inherited her husband's share of their community property, as was contemplated in their mutual covenants if he died first. She has done nothing wrong or irregular in probating the joint will as the separate will of her husband, and she has lived up to her covenants with him so far as this record shows; but she was not divested of any property upon his death, either by the joint will or by his separate will and testament. Nothing has passed to charity from the widow's estate, because she is still alive. Consequently, the Commissioner correctly valued the estate of the decedent separately from that of the widow.

Accordingly, the judgment appealed from should be affirmed.

Affirmed.